IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Charlotte A. Petryshak                  Case No. 3:05CV7204

       Plaintiff,

     v.                                ORDER

Bowling Green State University, et al,

       Defendants.

Plaintiff Charlotte A. Petryshak brings this suit against Bowling Green State University (BGSU) and Linda Dobb under 42 U.S.C. § 1983, claiming Dobb fired her in violation of her First and Fourteenth Amendment rights and deprived her of due process.

Pending is BGSU's motion to dismiss. For the following reasons, the motion shall be granted.

**Background**

In January, 2003, Petryshak began working for BGSU as a Senior Systems Analyst. In July, 2003, Petryshak entered into an employment contract with BGSU for the period July 20, 2003, to June 20, 2004. BGSU subsequently renewed Petryshak's employment contract for the 2004-05 fiscal year. The University promoted her to Enterprise Resource Planning (ERP) Director on July 1, 2004.

Petryshak's duties as ERP Director included managing BGSU's relationships with software vendors and various consultancies, as well as overseeing the publicly-funded $37 million ERP project. Petryshak reported directly to University Executive Vice President Linda Dobb, and was subject to the provisions of the University's Administrative Staff Handbook.

In September, 2004, Petryshak began complaining to BGSU's Human Resources Department about her relationship with Dobb. Petryshak claimed Dobb was "threatening [her] and making it very difficult . . . to adequately perform her job." (Doc. 1-1, at 4, ¶ 13). The record does not indicate whether the University took any action in response to this complaint.

In October, 2004, Petryshak asked the University's Executive Steering Committee for additional paid vacation for her ERP Project staff. The Committee, apparently at Dobb's direction, rejected Petryshak's request.

The following months saw other disagreements between plaintiff and Dobb. On January 30, 2005, Petryshak e-mailed Dobb suggesting the ERP Project be placed under new supervision. Petryshak stated in her e-mail that Dobb's "threatening behavior was having a negative effect on Plaintiff and her team's ability to accomplish their job duties." *Id*. at ¶ 26.

On February 4, 2005, Petryshak complained to the University's Human Resources Department, which advised her to follow the Administrative Handbook's Non-Compensation Conciliation Process. Petryshak and Dobb subsequently exchanged a series of e-mails attempting to schedule a conciliation meeting, but they were unable to arrange such meeting.

On February 16, 2005, Petryshak sent Dobb another e-mail indicating she intended to "go outside of the division and complain to other . . . BGSU officials." *Id*. at ¶ 32. Dobb responded by sending Petryshak a "Notice of Termination of Employment for Cause" letter dated February 18, 2005. (Doc. 7-1, at 11). The letter offered Petryshak the option of either a buy-out of the four remaining months on her contract if she voluntarily resigned, or termination effective February 28, 2005. Petryshak chose the latter and BGSU terminated her employment.

2

**Discussion**

Petryshak alleges that Dobb terminated her in retaliation for speech protected by the First Amendment, and thereafter deprived her of due process because Petryshak "was not given an opportunity to respond to the allegations against her as alleged in the letter of February 18, 2005." (Doc. 1-1, at 10, ¶ 45). Defendants have moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

Because the facts alleged in plaintiff's complaint support neither a retaliation claim nor a procedural due process claim, the motion to dismiss shall be granted.

**1. First Amendment Claim**

Petryshak claims that because her complaints to BGSU's Human Resources Department dealt with the publicly-funded ERP Project, they were matters of public concern warranting First Amendment protection.

For Petryshak to establish a valid First Amendment retaliation claim, she must demonstrate: 1) she was engaged in constitutionally protected activity; 2) Dobb's adverse action caused injury that would likely chill a reasonable person's exercise of that activity; and 3) the adverse action was motivated, at least in part, by the exercise of the constitutionally protected activity. *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1048 (6th Cir. 2001) (citing *Leary v. Daeschner*, 228 F.3d 729, 737 (6th Cir. 2000)). Speech that relates simply to matters of private concern or interest is not protected by the First Amendment. *See generally Barnes v. McDowell*, 848 F.2d 725, 733-34 (6th Cir. 1988).

To show that speech qualifies as a constitutionally protected activity, the speech must touch on matters of public concern; in addition, the plaintiff's "interest in commenting on matters of public concern . . . [must] outweigh[] the interest of the state, as an employer, in promoting the efficiency of the public

3

services it performs." *Serrato v. Bowling Green State Univ.*, 252 F. Supp. 2d 550, 554 (N.D. Ohio 2004) (citing *Cockrel*, 270 F.3d at 1048), *aff'd*, 104 Fed.Appx. 509 (6th Cir. 2004) . Whether a matter is of public concern is a question of law, and resolution of that issue must take into account the content, form, and context of a given statement, as revealed by the entire record. *Connick v. Myers*, 461 U.S. 138, 147–48, 148 n.7 (1983).

Matters of public concern are those "fairly considered as relating to any matter of political, social, or other concern to the community." *Id.* at 146. Such matters "generally relate to systemic criticism of the public institution that made an adverse employment decision." *Alba v. Ansonia Bd. of Educ.*, 999 F. Supp. 687, 692–93 (D. Conn. 1998). Matters of private concern, by contrast, typically include statements relating to an internal dispute between an employee and a supervisor. *Id.* at 693. "An internal employee grievance is the quintessential of a matter of private concern." *Serrato*, 252 F. Supp. 2d at 555.

Here, Petryshak claims her speech touched on matters of public concern because it dealt with the expenditure of public funds (namely, the multi-million dollar ERP Project). The relevant paragraphs in Petryshak's complaint, however, make no reference to the expenditure of public funds, and only indicate Petryshak's general dissatisfaction with Dobb.

In her January 20, 2005, e-mail, Petryshak stated "based upon the continued difficulty Plaintiff experienced in performing her job duties based on Defendant Dobb's behavior, Plaintiff sent an e-mail to Defendant Dobb suggesting that the project be placed under different leadership." (Doc. 1, at 6, ¶ 25). This statement only indicates a personal dispute with Dobb, and mentions nothing of public concern.

The mere fact that Petryshak's disagreement with Dobb tangentially relates to the ERP Project and public funds does not suffice to bring her speech within the ambit of First Amendment protection. *Barnes,*

4

*supra*, 848 F.2d at 734. Thus, Petryshak's speech is not a matter of public concern, and BGSU's motion to dismiss the § 1983 retaliation claim shall be granted.

Alternatively, even if Petryshak could establish her speech qualifies as a matter of public concern, her retaliation claim still fails. In her opposition to BGSU's motion to dismiss, Petryshak states her "intentions to speak with the Internal Auditor would alert Defendant Dobb to the fact that Plaintiff was concerned about the public funds that were being used for the ERP project." (Doc. 14, at 8).

This contention differs from the assertions in plaintiff's complaint, which make no mention of an intent to speak with an auditor. Thus, plaintiff's statement to Dobb would not have given rise to concern on her part that plaintiff would be complaining about the expenditure of public funds. An unspoken subjective intent to speak with someone cannot give rise to a retaliation claim.

BGSU's motion to dismiss the § 1983 retaliation claim shall be granted.

### 2. Procedural Due Process Claim

Petryshak claims Dobb deprived her of procedural due process by terminating her employment "without affording Plaintiff the opportunity to respond to the charges." (Doc. 1, at 10, ¶ 46).

The requisite elements of a procedural due process claim include whether 1) the plaintiff suffered some deprivation of a cognizable liberty or property interest, and, if so, 2) the deprivation occurred without first providing due process. *See Morrissey v. Brewer*, 408 U.S. 471, 480 (1972). Here, the parties agree Petryshak had a property interest in her employment contract, thus only the second element is at issue.

Due process is a flexible concept that varies depending on the circumstances. *Zinermon v. Burch*, 494 U.S. 113, 127 (1990). The adequacy of the procedures employed in a given case requires an evaluation of: 1) the private interest at stake; 2) the procedures used and the likely probative value of

additional procedures; and 3) the government's interests. *Sharp v. Lindsey*, 285 F.3d 479, 488 (6th Cir. 2002) (citing *Matthews v. Eldridge*, 424 U.S. 319, 335 (1976)).

In an employment termination case, procedural due process analysis weighs "the private interests in retaining employment, the governmental interest in the expeditious removal of unsatisfactory employees and the avoidance of administrative burdens, and the risk of an erroneous termination." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542–43 (1985) (citing *Matthews*, 424 U.S. at 335).

Regarding her termination, Petryshak asserts that she "should have been afforded the right to go through the process as outlined in Defendant BGSU's handbook," but "Defendant Dobb denied her that right." (Doc. 14, at 11).[1] The administrative handbook, however, states that employees must initiate this process. Specifically, "[t]he staff member with the complaint must bring the concern to the attention of Human Resources within fourteen calendar days of the incident giving rise to the concern." (Doc. 1, Ex. A, at 9). Petryshak did not avail herself of this process following her termination.

The administrative handbook, furthermore, does not provide for a pre-termination hearing. "[E]ven when a person's means of livelihood is connected to the deprivation claim, due process does not always require a pre-deprivation hearing." *Ramsey v. Bd. of Educ.*, 844 F.2d 1268, 1273 (6th Cir. 1988). At most, plaintiff was entitled to a post-termination hearing pursuant to the Non-Compensation Conciliation Process. But she did not request such a hearing. Thus, she cannot seek to recover for the failure to provide such hearing.

---

[1] The "process" Petryshak refers to is the Non-Compensation Conciliation Process found in the BGSU Administrative Staff Handbook.

Because Petryshak did not pursue the available remedies as outlined in the administrative handbook, she cannot claim a deprivation of her right to procedural due process. Thus, BGSU's motion to dismiss the procedural due process claim shall be granted.

## Conclusion

In light of the foregoing, it is

ORDERED THAT the motion to dismiss be, and the same hereby is, granted.

So ordered.

/s/ James G. Carr
James G. Carr
Chief Judge